In the Matter of the Estate of Katherine R. FOSTER, Deceased.

Earl H. BOLINSKE and William A. Bolinske, Petitioners and Respondents,

v.

E. E. HARRIS, Administratrix of the Estate of Katherine R. Foster, deceased, Arlene Hooper, Ernestine Corrigan, Bernadette Robison and Roland D. Foster, Respondents and Appellants.

No. 7750.

Supreme Court of North Dakota.

March 31, 1958.

John J. Tebelius, Harvey, for appellants.

Heringer, Nelson & McClintock, Rugby, for respondents.

MORRIS, Judge.

This appeal involves the validity of a purported sale of real estate by an administratrix. On April 28, 1952 pursuant to a petition of E. E. Harris, administratrix of the Estate of Katherine R. Foster, deceased, the county court of Wells County issued an order of sale authorizing the administratrix to sell at private sale certain real estate belonging to the estate of the deceased including a lot in the city of Harvey which is the subject of the present controversy. The jurisdiction of the county court to make this order is not challenged. Pursuant thereto the administratrix caused a notice of sale to be published on May 1 and May 8, 1952. This notice stated that the sale would be made on or after May 20, 1952 and that bids must be in writing and might be left at the law office of John J. Tebelius in Harvey, with the judge of the county court in Fessenden, or delivered to the administratrix personally at her office in Harvey. At that time Section 30-1914 NDRC 1943 provided among other things that:

"The notice must state a day on or after which the sale will be made, and a place where offers or bids will be received. The sale must not be made before that day but must be made within six months thereafter."

No sale was made within the 6-month period prescribed by statute which expired on November 20, 1952. On June 25, 1956 Earl H. Bolinske and William A. Bolinske submitted a bid in writing to the county court for $21,550 and the bidders were promptly notified of its acceptance. Within 10 days thereafter the bidders delivered to the administratrix a draft in the amount of $5,000 to be applied toward the purchase price of the property.

Section 30-1914 NDRC 1943 was amended by Chapter 209, Sec. 2, Session Laws N.D.1953 so that the last sentence thereof read:

"The sale must not be made before that day, but may be made before a final decree is entered."

Thus the amendment which became effective July 1, 1953 abolished the 6-month period provided by the old statute and permitted the sale to be made at any time before entry of the final decree.

On July 19 and 26, 1956 the administratrix caused another notice of sale to be published. This notice was dated July 12, 1956 and provided that:

"The said sale will be made on or after the 6th day of August, 1956."

On July 26, 1956 the bidders caused a letter to be written to the administratrix by their attorney in which it was pointed out that there was a re-advertising for bids and demanding a return of the Bolinske deposit.

On August 3, 1956 the attorney for the bidders wrote to the county judge as follows:

"Please accept this letter as notice to your County Court that Earl H. Bolinske moves to rescind his written bid of $21,550.00, dated June 25, 1956, on the grounds that his bid could not be accepted inasmuch as there has been a subsequent re-publication for bids. He desires to submit a bid under the new call for bids."

This letter also demanded a return of the original $5,000 deposit. The letter was

received by the county court August 6, 1956.

On August 15, 1956 the administratrix filed in the county court a report of sale of real estate at private sale. This report purported to be a return of proceedings had under the order of the court dated April 28, 1952, and stated:

"That the undersigned, pursuant to said order of sale and of said notice, offered for sale at private sale, and on the 25th day of June, 1956, sold said real estate in one parcel, judging it most beneficial to said estate, to the highest bidder, upon the following terms, to-wit: for cash,—and said administratrix did affirm said sale on the 6th day of August, 1956, pursuant to notice, and subject to confirmation by this Court, * * *"

On September 19, 1956 Earl H. Bolinske and William A. Bolinske filed in the county court their petition to vacate the sale challenging the validity of the sale on the ground that it was not made within the 6-month period prescribed by Section 30–1914 NDRC 1943. It was stipulated that this petition be heard on September 26, 1956. The property was reappraised on May 17, 1957 and on the following day, May 18, 1957 the county court entered its order confirming the sale and denying the petition to vacate and set aside the sale. From this order Earl H. Bolinske and William A. Bolinske appealed to the district court of Wells County.

Upon the trial in the district court the sale was determined to be void. Judgment was therein entered directing the county court to enter its order revoking and declaring null and void the order confirming the sale and further directing the county court to allow the petition vacating and setting the sale aside and directing the return of the $5,000 deposit to the Bolinskes. The administratrix appeals to this court from the judgment of the district court and demands a trial de novo.

This is not a collateral attack upon the order of the county court confirming the sale. It is a direct attack prosecuted by way of a statutory appeal to the district court where the matter was tried de novo. A proceeding to sell real estate while within the framework of the administration of the estate is separate and distinct from the general administration. It is available when necessary to the proper administration of the estate, where it is for the best interests of the estate or is assented to by all persons interested. Section 30–1909 NDRC 1943. The proceeding is wholly statutory and it is the duty of both the court and the administrator to render substantial compliance with the applicable statutory provisions.

The notice of sale which was published pursuant to Section 30–1914 and the power which the administratrix was then exercising was subject to the statutory provision that the sale must not be made before May 20, 1952 and must be made within 6 months thereafter. The power of the administratrix to make the sale pursuant to that advertisement expired on November 20, 1952. It appears that various bids were received in 1956, among them being the bid of the Bolinskes to whom the property was sold on June 25, 1956 according to the report of sale filed by the administratrix. The period provided for making the sale under the published notice had long since expired. No other notice of sale had been published. It seems clear that the acceptance of the bid by the administratrix was not binding in any way upon the estate. Therefore the acceptance of the bid was not binding upon the bidders. On July 19 and July 26, 1956 the administratrix caused another notice of sale to be published. The act of the administratrix causing that publication to be made was a recognition of the fact that no valid and binding sale had been made on June 25 under the old expired notice. The

Bolinskes on learning of the publication of the new notice of sale withdrew their bid and demanded a return of their deposit. The administratrix, however, refuses to recognize the withdrawal of the bid and insists on the confirmation of the sale which took place, according to her report, on June 25, 1956.

It is asserted on behalf of the administratrix that the amendment to Section 30-1914 NDRC 1943 which on July 1, 1953 removed the 6-month limitation upon the power of an administratrix to sell pursuant to a notice of sale and permitted the sale to be made at any time before entry of the final decree was retrospective in its effect and rendered valid any sale made pursuant to the first notice without reference to the limitation contained in the statute in effect at the time the notice was published. Counsel has diligently pointed out a great many authorities in support of his contention that where statutes are remedial and pertain only to matters of procedure they should be construed to operate retrospectively as well as prospectively. However, this rule is not absolute. It must give way to the legislative intention where that intention appears from the language of the statute. See Ford Motor Co. v. State, 59 N.D. 792, 231 N.W. 883. It is also the rule that new procedural provisions will not affect proceedings taken and completed prior to the time the new provisions become effective. Sutherland Statutory Construction, 3rd Ed., Sec. 1936. When an amendment to a procedural law becomes effective during the pendency of a suit the validity of proceedings had is determined under the old provisions but future procedure is governed by the amendment unless a contrary legislative intent appears. M & M Working Company v. Chambers, Or., 317 P.2d 920; Marks v. Crow, 14 Or. 382, 13 P. 55.

"Pending cases are only affected by general words as to future proceedings from the point reached when the new law becomes operative." Sutherland Statutory Construction, 3rd Ed., Sec. 2212.

The authority of the administratrix to proceed with a sale under the first advertisement expired November 20, 1952. While it may be possible to construe the 1953 amendment to authorize a readvertisement after the amendment became effective which would permit bids to be accepted any time before a final decree is entered such an advertisement cannot be construed to validate a sale or render binding bids that were accepted during the time when the administratrix had lost her power to sell under the former statute and before bids became binding under the advertisement made under the new statute.

When the purported sale was made on June 25 there had been no publication of notice of sale under the amended statute. The authority of the administratrix to sell according to the notice published under the old statute expired before the amendment became effective. The amendment did not restore that authority. At most its retroactive effect would permit the publication of a new notice and a sale thereunder. Before bids were accepted under the new notice the bid of the Bolinskes had been withdrawn. The sale purported to have been made on June 25 cannot be sustained either on the ground that it was valid in the first instance or that it was affirmed by proceedings had under the new notice. The county court erred in confirming the sale. The judgment of the district court is correct and is therefore affirmed.

GRIMSON, C. J., and SATHRE, JOHNSON and BURKE, JJ.